[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-14042
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 14, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-14206-CV-DLG

WILLIAM D. BROWN,

Plaintiff-Appellant,

versus

GEORGE THOMPSON,
in his individual capacity,
BILLY ELLERBEE,
in his individual capacity,
JESSE JENKINS,
in his individual capacity,
FRANK PRESCOTT,
in his individual capacity,
DR. CURTIS BOEHMER,
in his individual capacity, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 14, 2005)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

William D. Brown, a Florida prisoner, appeals the dismissal of his complaint for failure to state a claim. Because Brown's complaint states a claim for a violation of the prohibition against cruel and unusual punishment under the Eighth and Fourteenth Amendments, we reverse.

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief." Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003). Brown's complaint alleges that several officers on the staff of the Okeechobee Correctional Institution, where Brown was incarcerated, used excessive force against him with malicious and sadistic intent to harm him. Brown alleges that the officers repeatedly stunned Brown with a stun gun to prod him to obey orders, although the officers knew that Brown was unable to comply with their orders. Because "under the Eighth Amendment, force is deemed legitimate in a custodial setting [only] as long as it is applied in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm[,]" Skritch v. Thornton, 280 F.3d 1295, 1300 (11th Cir. 2002) (internal quotation marks and citations omitted), Brown's allegations of malicious use of excessive force against

2

him are sufficient to state a claim.

The dismissal of Brown's complaint for failure to state a claim is

**REVERSED.**